## 9588

### SMITH v. FAUST *ET AL.*

#### (92 S. E. 24.)

FRAUDULENT CONVEYANCES—BURDEN OF PROOF—MORTGAGE OF FRAUDULENT GRANTEE—BONA FIDE MORTGAGEE.—The burden is on plaintiff suing to foreclose a mortgage executed by one to whom property had been conveyed in fraud of the grantor's creditors to prove, as against the creditors, that she was a *bona fide* mortgagee without notice of the fraud.

Before PRINCE, J., Hampton, March, 1916. Reversed.

Action by Maud M. Smith, as administratrix, against I. P. Faust and another, as receivers. Judgment for plaintiff, and defendants appeal.

*Mr. E. F. Warren,* for appellants, cites: 26 S. C. 506; 6 S. C. 159; 1 Strob. Eq. 103; 5 S. C. 90; 20 Cyc. 446; 103 Iowa 378; 64 Md. 513; 64 Ala. 392; 31 Ala. 149; 135 Ill. 92; 56 Mo. App. 325; 64 N. H. 99; 63 N. H. 577; 16 N. H. 168; 122 N. C. 587; 84 N. C. 434; 24 Cent. Dig. Tit. Fraudulent Conveyances 63; 20 Cyc. 655; 119 Ga. 793; 20 Cyc. 763; 7 Colo. App. 483; 73 Ga. 716; 71 Iowa 333; 42 Iowa 84; 119 Mich. 592; 98 Mich. 70; 43 Oreg. 260; 53 Wis. 410; 24 Cent. Dig. Tit. Fraudulent Conveyances 819.

*Mr. J. W. Vincent,* for respondent, cites: *As to reversable error:* 68 S. C. 462; 63 S. C. 569.  *As to legal conclusions:* 58 S. C. 56; 10 S. E. —; 10 N. E. 306. *As to fraud in deed:* 36 Cal. 223; 64 S. W. 266; 69 Ark. 541; 44 S. W. 540; Bump. Fraud. Con. 489; 7 S. E. 590. *Innocent purchaser:* 81 S. E. 158.

February 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Ginn was owner of certain town lots; Ginn conveyed by deed to Faust; Faust conveyed by deed to Smith; the deed last named was in fact made to secure a debt, and was, therefore, a mortgage; the deed first named was made by Ginn without consideration with a fraudulent intent, and to avoid the payment of Ginn's debt. These facts were alleged in the pleadings, and their truth was admitted before the master. The master made his report upon these facts, without swearing a witness. The master found in favor of Smith's mortgage, and against the creditors of Ginn, and upon the ground, there was no plea and no proof that Smith had notice of what Ginn and Faust had done. The Circuit Court, in a *pro forma* order, confirmed the report, and the creditors here appealed.

The single issue is: When it was admitted that Ginn's conveyance to Faust was without consideration and fraudulent, was the burden thus shifted upon Smith to prove that he was a *bona fide* mortgage creditor, that he became so after the deed from Ginn to Faust was made, and that he had no notice of the character of that deed? We are of the opinion that under the circumstances which we have stated, Smith was bound to prove that he was a *bona fide* mortgage creditor. The deed from Ginn to Faust was voidable, but not against Smith if Smith was a *bona fide* subsequent creditor. Suppose Ginn's creditors had brought the action to set aside the deed from Ginn and Faust, and the mortgage deed from Faust to Smith; in that event Smith must have alleged and proved his *bona fides* to save his right.

The case is not altered because of the circumstance that Smith had brought action to foreclose the mortgage, and made Ginn's creditors parties. And especially must Smith prove his case, because it appears that Ginn's creditors have actual possession and enjoyment of the lots. See 2 Pomeroy's Eq., sections 777-785.

The decree below is reversed, and the cause is remanded to the Circuit Court to ascertain the truth of the matter according to the principles announced herein.

MR. JUSTICE HYDRICK was absent at the hearing, and did not take part in this decision.